1

THE HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9  MARK RICKNER and HEIDI RICKNER,          )    Case No. 3:19-cv-05857-RBL
    each individually and a marital community )
10  comprised thereof,                        )
                                              )
11                          Plaintiffs,       )
                                              )
12          v.                                )    **JPMORGAN CHASE BANK, N.A.'S**
                                              )    **MOTION FOR RECONSIDERATION**
13  ALLSTATE INSURANCE COMPANY, a             )
    foreign insurance company,                )    **NOTED FOR CONSIDERATION:**
14                                            )    **FEBRUARY 28, 2020**
                            Defendant.        )
15                                            )

16                          **I.      INTRODUCTION**

17          Pursuant to Fed. R. Civ. P. 60(b), JPMorgan Chase Bank, N.A. ("JPMC"), third-party

18  subpoena recipient, respectfully requests that the Court reconsider its February 13, 2020 Order

19  Granting Motion to Enforce Subpoena for Loan Records of Chase Bank ("Order") (Dkt. 19), and

20  evaluate the evidence JPMC submitted in its Response to the Motion (Dkt. 20) and the supporting

21  Declaration of John Devlin (Dkt. 22).

22                          **II.      ISSUE PRESENTED**

23          **Issue:**  Whether the Court should reconsider its February 13, 2020 Order, and deny the

24  Joint Motion to Enforce Subpoena for Loan Records of Chase Bank ("Motion") (Dkt. 10) when

JPMORGAN CHASE BANK, N.A.'S MOTION FOR
RECONSIDERATION - 1
Case No. 3:19-cv-05857-RBL
122006.0221/7968833.1

the evidence JPMC filed in opposition to the Motion shortly after the Court issued its Order proves that JPMC has already responded to the subject subpoena.

**Short Answer:**  Yes, because the Court ruled on the subject Motion—which was noted for consideration on February 14, 2020—on February 13, 2020, before JPMC had provided a written confirmation that it had no responsive documents, and had offered to provide a confirming affidavit, which Allstate had rejected.

### III.    EVIDENCE RELIED UPON

All filings and pleadings herein, including JPMC's Response to the Motion to Enforce Subpoena, and the Declaration of John S. Devlin in Support of JPMorgan Chase Bank, N.A.'s Response to Motion to Enforce Subpoena, dated February 13, 2020.

### IV.    FACTS

The subject Motion was noted for consideration on February 14, 2020.  JPMC submitted evidence on February 13, 2020, before the February 14, 2020 noting date, but shortly after the Court ruled on the motion.  JPMC's counsel filed its response on February 13, 2020, after attempting to resolve the matter with Allstate's counsel.  Pursuant to Fed. R. Civ. P. 60(b)(6), the requested relief is justified because JPMC's counsel attempted to resolve this matter before taking up the Court's time with the dispute in light of the February 14, 2020 hearing date for the Motion.

The facts JPMC submitted in opposition to the Motion on February 13, 2020 show that JPMC responded to the subject subpoena.  JPMC received the subject subpoena on December 13, 2019, and its subpoena department conducted a search for responsive records.  *See* Declaration of John S. Devlin in Support of JPMorgan Chase Bank, N.A.'s Response to Motion to Enforce Subpoena, dated February 13, 2020 ("Devlin Decl."), at ¶ 3.  On or about December 18, 2019, JPMC sent a letter of no documentation to Allstate's counsel in response to the subject

JPMORGAN CHASE BANK, N.A.'S MOTION FOR
RECONSIDERATION - 2
Case No. 3:19-cv-05857-RBL
122006.0221/7968833.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1   subpoena. *Id.*, ¶ 4, Ex. A.

2        JPMC received the instant motion to enforce the subpoena on January 30, 2020, and on

3   February 3, 2020, JPMC's subpoena department emailed Allstate's counsel a copy of the no

4   records letter.  *Id.*, ¶ 5.  Allstate's counsel responded with correspondence, dated February 4,

5   2020, to JPMC stating that JPMC's response was insufficient.  *Id.*, ¶ 6, Ex. B.

6        On February 5, 2020, JPMC's in-house counsel called Allstate's counsel and spoke with

7   her about the possibility of a no records affidavit. *Id.*, ¶ 7.  On or about February 6, 2020, JPMC's

8   in-house counsel emailed a proposed no records affidavit to Allstate's counsel. *Id.*, Ex. C. On

9   February 10, 2020, Allstate's counsel communicated Allstate's refusal to withdraw the motion

10  based upon the proposed no records affidavit. *Id.*, at ¶ 8.

11                     **V.    ARGUMENT**

12       Upon his engagement to represent JPMC in this matter on February 11, 2020, counsel for

13  JPMC attempted to resolve this dispute with Allstate's counsel.  Allstate's counsel rejected a

14  request to re-note this motion for that purpose.  *See* Devlin Decl. ¶ 2.  The Motion was noted for

15  Consideration on February 14, 2020.  On February 13, 2020, the Court granted the Motion shortly

16  before JPMC filed its response on the same day – thus, the Court did not have the opportunity to

17  review the evidence JPMC submitted proving that it had already responded to the subpoena –

18  contrary to Allstate's assertion that it had not.  Under Fed. R. Civ. P. 60(b)(1), the Court's ruling

19  was a mistake because it did not have all of the relevant facts.  JPMC submitted such evidence

20  on February 13, 2020, before the February 14, 2020 noting date, but shortly after the Court ruled

21  on the motion.  JPMC's counsel filed its response on February 13, 2020, after attempting to

22  resolve the matter with Allstate's counsel.  Pursuant to Fed. R. Civ. P. 60(b)(6), the requested

23  relief is justified because JPMC's counsel attempted to resolve this matter before taking up the

24  Court's time with the dispute in light of the February 14, 2020 hearing date for the Motion.

JPMORGAN CHASE BANK, N.A.'S MOTION FOR
RECONSIDERATION - 3
Case No. 3:19-cv-05857-RBL
122006.0221/7968833.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000 FAX: 206.223.7107

1

## VI.    CONCLUSION

For all of these reasons, the Court should reconsider its February 13, 2020 Order and deny

the parties' Joint Stipulated Motion to Enforce Subpoena for Loan Records of Chase Bank.

DATED:  Febuary 18, 2020

LANE POWELL PC

By: s/ John S. Devlin
    John S. Devlin III, WSBA No. 23988
    devlinj@lanepowell.com
    1420 Fifth Ave., Ste. 4200
    P.O. Box 91302
    Seattle, WA  98111-9402
    Telephone: 206.223.7000
    Facsimile: 206.223.7107

*Attorneys for JPMorgan Chase Bank, N.A., third-party subpoena recipient*

JPMORGAN CHASE BANK, N.A.'S MOTION FOR
RECONSIDERATION - 4
Case No. 3:19-cv-05857-RBL
122006.0221/7968833.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

## CERTIFICATE OF SERVICE

I certify that, on the date indicated below, I caused the foregoing document to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system.  In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to all attorneys and parties of record.

I affirm under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my personal knowledge.

SIGNED February 18, 2020, at Seattle, Washington.

*s/ Peter Elton*
Peter Elton
Legal Assistant

JPMORGAN CHASE BANK, N.A.'S MOTION FOR
RECONSIDERATION - 5
Case No. 3:19-cv-05857-RBL
122006.0221/7968833.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107