HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK AND HEIDI RICKNER,

    Plaintiffs,

  v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

CASE NO. C19-5857RBL

ORDER

THIS MATTER is before the Court on Defendant Allstate's Motion for Summary Judgment [Dkt. # 12]. Allstate claims that Plaintiff[1] Rickner's contract claims are untimely under his Allstate Homeowners Policy's one-year suit limitation provision. Allstate also asks the Court to hold as a matter of law that it was required to name Rickner's mortgagee (Chase Bank) on its settlement check.

The facts are unusual but straightforward. Rickner's Tacoma home was damaged by fire on December 3, 2016. Rickner timely made a claim under his Allstate policy. The parties negotiated for a year before Rickner hired a public adjuster (CLC) to assist in his claim, particularly as to the Actual Cash Value of the structure and its contents. Almost another year

---

[1] The insured plaintiffs are Mark and Heidi Rickner. This Order uses the singular for clarity.

ORDER - 1

later the parties agreed on the amount of the ACV structure[2] loss—$359,188.86. Because the Policy's Declaration page (written by Allstate) named Chase Bank as the Mortgage holder, Allstate made the check out to both Rickner and Chase. This check was not issued until July 5, 2018—well more than a year after the loss. [Dkt. # 26 at 17].

In any event, Chase had no loan on the property and no interest in it, and Rickner could not deposit the check. Rickner details his efforts to explain to Allstate that he paid off his mortgage (to a different lender, First Horizon) before the fire, and his efforts to demonstrate to Allstate that Chase had no interest in the property or the insurance proceeds. Those efforts were not successful, and he sued. He asserts breach of contract and bad faith/Washington Consumer Protection Act claims.

Allstate now argues that Rickner's breach of contract claims are untimely as a matter of law, pointing (only) to the date of the loss (December 2016), its policy's one-year suit limitation, and the date of the lawsuit (September 2019). It also argues that the policy required it to name the mortgagee (Chase) as a matter of law, presumably to defeat Rickner's bad faith claims based on that act.

The motion is DENIED on both points.

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty*

---

[2] Allstate apparently paid Rickner $325,691.36 for "Non-Structure ACV" and other claims. This payment is not at issue.

*Lobby, Inc*., 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24. There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. 242, 248 (1986).

**A. It would be inequitable to enforce the one-year suit limitation.**

Allstate correctly argues that Washington's generally applicable six-year contract limitations period can be overcome by an insurance policy's one-year suit limitation. Citing *Graingrowers Warehouse Co. v. Central Nat'l Ins. Co. of Omaha,* 711 F. Supp. 1040, 1043 (E.D. Wash. 1989) (citing *Hefner v. Great American Ins. Co*., 126 Wash. 390, 218 P. 206 (1923); *Ashburn v. Safeco Ins. Co. of America*, 42 Wn. App. 692, 695, 713 P.2d 742, *rev. denied*, 105 Wn. 2d 1016 (1986). Limitation provisions in a contract prevail over general statute of limitations. *Graingrowers* at 1044 (citing *Ashburn* at 696). [Allstate's Motion, Dkt. # 12 at 11]

But Allstate has cited no case holding that the one-year limitation applies where the insurer fails to deny a claim, and indeed continues to negotiate, and ultimately agrees to settle a claim, far more than a year after the loss. As Allstate concedes, in *Ashburn*, "the insurer **promptly denied** the [Mt. St. Helens-caused damage] claim." *Ashburn* at 694, Motion at 11 (emphasis added). There is no claim and no evidence that Allstate ever denied Rickner's claim, promptly or otherwise—instead, it *agreed*, in writing, that it owed $359,188.86, almost two years after the loss. *Ashburn* is thus not at all analogous to this case.

Rickner accurately points to other cases holding that an insurer can be estopped from asserting the one-year limitations period (or be deemed to have waived its right to enforce it) where its conduct causes the insured to change position or refrain from performing a necessary act, causing him prejudice. *See Dickson v United States Fidelity & Guar. Co.*, 77 Wn.2d 785, 788, 466 P.2d 515 (1970); *Buchanan v. Switz. Gen. Ins. Co*., 76 wn.2d 100, 108, 455 P.2d 344 (1969) (insurer is estopped where its acts statements or conduct justifiably induce the insured to act or forbear from acting, to his prejudice). *See also Prudential-LMI Com. Insurance v. Superior Court*, 798 P.2d 1230, 1233 (1990) (insurer waives suit limitation period where it intentionally relinquishes its right to rely on that provision) citing *Elliano v. Assurance Co. of America*, 3 Cal.App.3d 446 (1970) (insurer was estopped from enforcing time bar where, among other things, it attempted to negotiate compromise well after the 12-month period expired.)

Allstate's Reply argument that the Rickner's claim was essentially resolved by August 2017 does not square with the date of its disputed check: July 2018. Viewed in the light most favorable to Rickner, the evidence establishes that Allstate waived or is estopped from asserting its right to rely on the suit limitation provision by continuing to negotiate the claim, and by actually *settling* the claim (though not effectively paying the agreed amount, discussed below)

long after the expiration of the one-year period it now seeks to enforce. Allstate's Motion for summary dismissal of Rickner's breach of contract claim on this basis is DENIED.

**B. Allstate was not required to pay the proceeds to Chase as mortgagee.**

Allstate's dogged insistence that Chase has an interest in the property and the insurance proceeds is puzzling. Chase is named as the mortgagee on the Allstate Policy's Declarations page, but the only evidence in the case is that that was a mistake. The loan number does not exist, and Rickner has continually and diligently sought to make Allstate acknowledge that Chase does not now and never did have a mortgage on his property. Chase has since successfully quashed a subpoena for records about Rickner and his home, by asserting and demonstrating that it does not have an interest in the property. [Dkt. #s 20, 28, and 32]

Rather than confront this fact directly, Allstate points to a subsequent HELOC Rickner obtained from First Horizon. It seems to suggest that because First Horizon is in Chase's corporate family, the check it made out to Chase is somehow correct or defensible. But there is no evidence that Allstate chose to name Chase as a mortgagee on the Policy or the settlement check because Rickner had a personal line of credit with First Horizon. It is not clear that that sort of loan arrangement has to be reflected in a homeowners policy. Even if it did, that is not what Allstate tried to do. It is instead trying to justify its prior mistake by pointing to a different loan and a different lender. Indeed, Allstate's recent attempt to interplead the funds is based partly on the dubious claim that "Chase Bank owns the HELOC issued to plaintiffs." [Dkt. # 35 at 2.] There is no evidence of that, either. If Allstate really didn't know who had a right to the money, it could have done in July 2018 what it seeks to do now —deposit the money it concedes it owes into court and invite all claimants to state their case. It did not do so. It issued a check in error and refused to correct that error.

Allstate had an obligation to include any mortgage lender in any payment for the fire loss—the security for the loan was damaged and compromised. But Allstate did not have a duty, or the right, to name a non-mortgagee on the payment. Its motion for an Order blessing its conduct as required under the Policy and the law is DENIED.

IT IS SO ORDERED.

Dated this 2nd day of April, 2020.

Ronald B. Leighton
United States District Judge