HONORABLE RONALD B. LEIGHTON

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

| | |
|---|---|
| MARK and HEIDI RICKNER, | CASE NO. C19-5857RBL |
| Plaintiffs, | ORDER |
| v. | |
| ALLSTATE INSURANCE COMPANY, | |
| Defendant. | |

THIS MATTER is before the Court on Defendant Allstate's Motion to Interplead Funds [Dkt. # 35] and Allstate's Motion for Reconsideration [Dkt. # 41] of the Court's Order [Dkt. # 37] denying its motion for Summary Judgment on the policy's one-year suit limitation [Dkt. # 12].

The former is based on Allstate's continued insistence that it is required to pay the dwelling portion of its insurance settlement not only to the Rickners but to any lender with a security interest in the home, and its continued inability to demonstrate who that lender is and what sort of interest it has. Allstate claims it has "reason to believe that Chase bank owns the Rickners' HELOC." It "does not dispute it owes $357,686.96 for the dwelling ACV," but claims that more than one party may claim an interest in that money. It claims that even though Chase

disclaims any interest as a mortgagee, the Rickners concede that First Horizon has a security interest in the home, for a HELOC—essentially, a second mortgage. It claims it has been told that First Horizon is "one of the entities in the Chase portfolio." It claims that it could be exposed to multiple liability if all possible claimants assert an interest in the proceeds.

The latter motion is related, but inconsistent: Allstate argues it does *not* owe the Rickners (or Chase) $357,686.96 for the dwelling ACV, because they filed this suit more than a year after the December 2016 fire. It argues that the loan number on the policy's declarations page is actually the number of the *First Horizon HELOC* loan, and since Chase owns First Horizon, it makes sense to name Chase on the settlement check. It also argues that the record demonstrates that "the matter was resolved August 2017" when it issued its first joint check, more than 30 days prior before the one-year suit limitation expired.

**A.  Allstate has not met the Interpleader standard.**

Interpleader is a procedure authorized by 28 U.S.C. §§ 1335 and Federal Rule of Civil Procedure 22 that allows a party holding property to join in a single suit two or more defendant-claimants asserting mutually exclusive claims to the property. *Gains v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976).  The main purpose of interpleader is to protect the stakeholder from the expenses of multiple lawsuits and from having to contend with inconsistent or multiple determinations of liability. *Texas v. Florida*, 306 U.S. 398, 406-07, 59 S. Ct. 563, 83 L. Ed. 817 (1939). While rule and statutory interpleader have different requirements for subject matter jurisdiction, venue, process service, invoking either type requires meeting certain criteria. Fed. R. Civ. P. 22(a)(1); 28 USC § 1335; *See also*, *Libby, McNeill, & Libby v. City Nat. Bank*, 592 F.2d 504, 507 (9th Cir. 1978); 4-22 Moore's Federal Practice-Civil § 22.04.

First, multiple adverse claims or potential adverse claims must be made to that same property.  *Libby, McNeill, & Libby v. City Nat. Bank*, 592 F.2d 504, 507 (9th Cir. 1978).

1  Additionally, the plaintiff stakeholder must have a reasonable fear of multiple liability. The

2  stakeholder is not required to determine the validity of the competing claims or wait to be sued

3  by one or more of the claimants. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 532-33,

4  87 S. Ct. 1199, 18 L. Ed. 2d 270 (1967). However, the stakeholder must have "a good faith belief

5  that there are or may be colorable competing claims to the stake," based on "a real and

6  reasonable belief." *Michelman v. Lincoln Nat. life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012).

7       An interpleader action proceeds in two stages. In the first stage, a court evaluates whether

8  interpleader is proper based on the facts of the case, including determining whether the

9  stakeholder actually faces or could face multiple adverse claims. *See*, *U.S. v. High Technology*

10  *Products, Inc.*, 497 F.3d 637, 642 (6th Cir. 2007) (*citing* Charles Alan Wright, Arthur R. Miller,

11  & Mary Kay Kane, Federal Practice and Procedure § 1704 (3d ed.2001)). If interpleader is not

12  properly invoked, the action is dismissed. If (and only if) an interpleader is determined to be

13  proper does a court move to the second stage to determine the merits of the adverse claims. *Id*.

14       During the first phase, the party seeking interpleader bears the burden of demonstrating

15  she is or may be subject to adverse claims. *Dunbar v. United States*, 502 F.2d 506, 511 (5th Cir.

16  1974). **Adverse claims or potentially adverse claims exist when at least two defendants lay**

17  **claim to the property held by the stakeholder**. *See*, *General Electric Credit Corp. v. Grubbs*,

18  447 F.2d 286, 289 (5th Cir. 1971), rev'd on other grounds, 405 U.S. 699, 31 L. Ed. 2d 612, 92 S.

19  Ct. 1344 (1972) (holding a plaintiff who failed to demonstrate he has been or may be subject to

20  two or more competing claims has failed to meet interpleader requirements) (Emphasis added).

21  Sustaining an interpleader based on potential claims requires a "real and reasonable belief" that

22  **the interpleaded parties** could have a colorable claim to the stake. *Michelman*, 685 F.3d at 893

23  (emphasis added).

24

Allstate has not met this standard. Interpleader is appropriate only where two or more defendants have claimed an interest in the stake. Chase is not a defendant in this case, and Allstate does not seek to add it as a party. And Chase has already said it has no interest in the property, the settlement check, or this dispute, so adding it as a party would make no sense.

Allstate's primary authority, *Sentinel Ins. Co. v. Lee*, Cause No. C11-0342JCC, 201 U.S. Dist. Lexis 103759 at 6 (W.D. Wash. July 25, 2012), is not support for its effort. The insured there, Lee, sued his insurer in a similar[1] dispute over his insurance payment following a fire. Both Lee and his mortgage lender, Bank of America, claimed the money; Sentinel issued a joint check, and Lee sued to get a check without the lender on it. Bank of America claimed it was entitled to the funds under the Deed of Trust. Ten months later Sentinel commenced an interpleader action against Lee and Bank of America in federal court, and Judge Coughenour consolidated the cases. The Order Allstate cites [Dkt. # 42 in that case] resolved primarily the dispute between Lee and Bank of America over the terms of their contract and the right to the funds. It granted Bank of America's motion for summary judgment and denied Lee's. It discharged the interpleader, Sentinel.

Allstate does not seek[2] to commence an interpleader action here, and it does not seek to add Chase as a party. Unlike Bank of America in *Sentinel*, Chase pointedly does not claim any interest in the insurance proceeds. There is a First Horizon HELOC (the Rickners claim the balance is less than $5000) but interpleading First Horizon is not warranted, either; there is no evidence and no assertion that the Rickners and First Horizon have competing claims to the

---

[1] *Sentinel* was filed and decided in the throes of the mortgage foreclosure crisis. Lee was in default on his mortgage prior to the fire and the primary dispute in the case was contractual ownership of the funds under the Deed of Trust.

[2] Allstate also does not seek a discharge of its obligations under the policy, which is typically the primary purpose of interpleading.

funds. The Rickners have repeatedly expressed their willingness to accept a check jointly made out to them and to First Horizon.

Allstate's sort of distorted corporate-veil-piercing claim that because it has since discovered that First Horizon is a Chase entity, naming Chase is "close enough," makes no sense in this context. Rather than interplead Chase, Allstate can avoid its claimed fear of inconsistent liabilities to the Rickners and their (HELOC) lender by issuing a check made out to those parties: Rickner and First Horizon. Or ask First Horizon if it needs to be on the check, at all.

Allstate's Motion to Interplead the insurance proceeds is **DENIED**.

**B.  Allstate has not met the Reconsideration standard.**

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought

through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

The Court has rejected Allstate's claims about naming Chase on the check, above. Allstate claims that the adjustment was complete, and the matter was resolved, prior to the expiration of the one-year period, as a matter of law. This is not supportable under the evidence. Allstate continued to "work on" resolving—settling—the Chase issue long after that period expired, and a jury could find that the issued checks were worthless. This is not a case where the insurer promptly denies (or pays) a claim and the insured sues years later. The claim was, and is, ongoing. Was it reasonable to name Chase in the first place? Maybe. Was it reasonable to repeatedly refuse to issue a correct check in light of subsequent information? Maybe not.

The Motion for Reconsideration is **DENIED**.

IT IS SO ORDERED.

Dated this 24th day of April, 2020.

Ronald B. Leighton
United States District Judge