UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK RICKNER and HEIDI RICKNER,

Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

Defendant.

C19-5857 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiffs' motions in limine, docket no. 97, are GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

I. Plaintiffs' motion to preclude defendant from asserting misrepresentation or concealment is DENIED. Questions of fact exists as to the issues of misrepresentation and concealment. See Minute Ord. (docket no. 73); Mut. of Enumclaw Ins. Co. v. Cox, 110 Wn.2d 643, 757 P.2d 499 (1988).

II. Plaintiffs' motion to exclude photographs of personal property or references to personal property is DEFERRED to the Pretrial Conference.

III. Plaintiffs' motion to preclude defendant from arguing Chase Bank was properly listed as a payee on the settlement check is DENIED.

//

//

MINUTE ORDER - 1

   IV. Plaintiffs' motion to exclude police reports and contents of police reports is GRANTED in part as Exhibit D to the Leid Declaration (docket no. 56 at 36–38), and Exhibit E to the Leid Declaration, (docket no. 56 at 39–44).  The motion is otherwise DEFFERED to the Pretrial Conference.  To the extent these reports are admitted, however, the Court will consider redacting the exhibits to the extent required by Federal Rule of Evidence 403 and defendant will need to lay the appropriate foundation for the reports at trial.

   V. Plaintiffs' motion to exclude medical testimony and reports is GRANTED.

   VI. Plaintiffs' motion to exclude witnesses and documents not timely disclosed is DEFERRED to the Pretrial Conference.

   VII. Plaintiffs' motion to exclude any reference to arson, allegation of arson, or question the relevance of which is an allegation of arson is DEFERRED to the Pretrial Conference.

   VIII. Plaintiffs' motion to exclude evidence pertaining to 2005 litigation for lack of relevance is GRANTED.

(2) Defendant's motions in limine, docket no. 99, are GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

   1. Defendant's motion to exclude any and all evidence of compromise and offers of compromise pursuant to Federal Rule of Evidence 408 is DENIED in part as to claims negotiations prior to the litigation.  The motion is otherwise GRANTED.

   2. Defendant's motion to exclude any and all references to the parties' motions in limine and supporting documents, and to the Court's in limine rulings is GRANTED.

   3. Defendant's motion to exclude any arguments or messages by counsel requesting that jurors place themselves in the position of plaintiffs or "send a message" to defendant, or inferring that society needs protection from defendant, is GRANTED.

   4. Defendant's motion to exclude expert opinions by lay witnesses is GRANTED.

   5. Defendant's motion to preclude plaintiffs from relying on the domestic violence exception in the insurance policy is DENIED.

6. Defendant's motion to exclude all non-party witnesses from the courtroom except when they are testifying is GRANTED.  Fed. R. Evid. 615.

7. Defendant's motion to exclude any reference to the nature of plaintiffs' counsel's or defendant's counsel's practice or the size of the parties' respective counsel's law firms is GRANTED.

8. Defendant's motion to exclude any reference to the nature and size of Allstate Insurance Company is DEFERRED to the Pretrial Conference.

9. Defendant's motion to limit plaintiffs' actual damages to the allegedly increased cost to rebuild is DEFERRED to the Pretrial Conference.

10. Defendant's motion to exclude all evidence relating to attorney's fees and costs is GRANTED.

11. Defendant's motion to exclude evidence of actions or omissions occurring in litigation is DENIED.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 3rd day of June, 2022.

Ravi Subramanian
Clerk

s/Gail Glass
Deputy Clerk

MINUTE ORDER - 3