The Honorable Thomas. S. Zilly
**Trial Date:  October 31, 2022**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK RICKNER and HEIDI RICKNER, each
individually and a marital community
comprised thereof,

      Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY, a
foreign insurance company,

      Defendant.

**C19-5857-TSZ**

**AGREED PRETRIAL ORDER**

COMES NOW the parties, Plaintiffs Mark Rickner and Heidi Ricker and Defendant Allstate Insurance Company, by and through their respective its counsel of record presents this Agreed Pretrial Order.

## 1. <u>JURISDICTION</u>

The Complaint in this matter was originally filed in Pierce County Superior Court. Defendant Allstate removed the case to United States District Court Western District of Washington pursuant to 28 U.S.C. § 1441.  This Court has proper (original) jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the Rickners are/were Washington residents, Allstate is a foreign corporation, and the amount in controversy exceeds $75,000.

AGREED PRETRIAL ORDER - 1

Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. § 1391(a), and (c), and Federal Rules of Civil Procedure 4(k)(1) and 4(k)(2).

The parties have stipulated to an in-person jury trial, using a Seattle jury pool.  The Court has deferred ruling on this proposed stipulation until closer to the trial date on whether the pretrial conference and trial will proceed virtually or in person.  ECF 94.

## 2.     CLAIMS AND DEFENSES

1. **Plaintiffs' Claims for Relief.**

Plaintiffs alleges and claims relief due to Defendant Allstate's violation of the implied covenant of good faith and fair dealing, pursuant to Wash. Rev. Code § 48.30.010; unfair and deceptive business practices, in violation of Washington Revised Code § 19.86.010 *et seq*.; and Allstate's breach of contractual obligations.

2. **Allstate denies Plaintiffs' claims and also contends it will present the following defenses**.

1.     At all times material, Defendant's investigation and adjustment of the claims have been reasonable, in compliance with the terms and conditions of the insurance contract, and in compliance with Washington State law in light of the facts and circumstances  surrounding the loss and claims submitted. As a result, all of Plaintiff's extra-contractual claims are without merit;

2.     Defendant asserts that Plaintiffs' breach-of-contract claim is barred by the 1-year  suit  limitations  provision in the Policy;

3.     At all times relevant Defendant's actions were justified;

4.     To the extent Defendant had any duties to the Plaintiff, Defendant fulfilled those duties;

AGREED PRETRIAL ORDER - 2

5.      Plaintiffs' damages, if any, were proximately caused or contributed to by Plaintiffs' own acts and/or omissions;

6.      Plaintiffs have failed to mitigate their damages;

7.      Plaintiffs cannot create insurance coverage through allegations of bad faith or other conduct or lack of conduct by Defendant. Terms of coverage are governed by the Insurance Contract;

8.      Plaintiffs misrepresented and/or concealed material facts as related to this loss. Allstate sets forth the following in support of this affirmative defense, which includes but is not limited to the following:

a.      The Rickners were aware there was a lienholder on the Property.  By way of example, the Rickner's Public Adjuster, Jack Thomas, testified that his file indicates First Tennessee as a lienholder of the property at the time that he was retained, in December of 2017.  Yet, Mr. Thomas's correspondences dated September 19, 2018, and November 1, 2018, are material misrepresentations, wherein Mr. Thomas states there has not been a lienholder on the property for 10 years.  ECF 13 at pp. 29 & 39.  Allstate reserves the right to identify additional examples of such material misrepresentations.

b.      The estimate provided by Prime Northwest was not an arm's length transaction.  Rather, the owner of Prime Northwest was related to the Rickner's Public Adjuster, Jack Thomas.  This information was concealed from Allstate at all times material hereto.  Allstate reserves the right to identify additional examples of such concealment.

AGREED PRETRIAL ORDER - 3

c.      Heidi Rickner misrepresented and/or concealed facts related to the fire, specifically her whereabouts at the time before and after the fire.  Allstate reserves the right to identify additional examples of such misrepresentation and/or concealment.

d.      Mark Rickner and/or Heidi Rickner misrepresented and/or concealed facts related to the fire and Mr. Rickner's prior threats to damage the home and/or harm Ms. Rickner.

> **Objection**.  Plaintiff objects to the presentation of issues not previously disclosed.  Allstate responds that the issues have been previously disclosed and/or raised during motion practice and/or through the course of discovery.

e.      Mark Rickner and/or Heidi Rickner misrepresented and/or concealed facts related to Mr. Rickner being an arson suspect in the fire.

> **Objection**.  Plaintiff objects to the presentation of issues not previously disclosed.  Allstate responds that the issues have been previously disclosed and/or raised during motion practice and/or through the course of discovery.

f.      Heidi Rickner misrepresented and/or concealed facts related to her and her children moving out of the house, prior to the fire, and were not living there at the time of the fire.

> **Objection**.  Plaintiff objects to the presentation of issues not previously disclosed.  Allstate responds that the issues have been previously disclosed and/or raised during motion practice and/or through the course of discovery.

g.      Mark Rickner and/or Heidi Rickner misrepresented and/or concealed facts related to the reason Mr. Rickner was hospitalized after the fire.

> **Objection**.  Plaintiff objects to the presentation of issues not previously disclosed.  Allstate responds that the issues have been previously disclosed and/or raised during motion practice and/or through the course of discovery.

AGREED PRETRIAL ORDER - 4

9.      Plaintiff's recovery, if any, is limited to the terms of the insurance contract.

### III.    ADMITTED FACTS

The following facts are admitted by the parties:

1.      Mark and Heidi Rickner own property located at 15909 7th Avenue East, Tacoma, Washington.

2.      Mark and Heidi Rickner purchased a Deluxe Plus Homeowners Policy from Allstate, Policy Number 917 292 046, to provide protection from losses that may result from accidental damage to the dwelling and personal property contained in the home.  The Policy had limits of $375,550 for the dwelling, and $281,663 for personal property, among other coverages. With extended coverages, the limits of the dwelling coverage was $450,660.

3.      On or about December 3, 2016, the Rickners' property suffered damage as a result of a fire. The Rickners' property, both the structures and personal property stored therein, was significantly damaged by the fire.

4.      On May 5, 2020, Allstate issued the check to the Rickners, Casualty Loss Consultants, and First Horizon Bank in the amount of $359,188.86.

5.      The Rickners' Allstate Policy was in full force and effect at the time that the damage to their property occurred.

6.      In accordance with the terms of Rickners' Allstate Policy, the Rickners promptly notified Allstate of the December 3, 2016 fire and the damage to their property that had resulted from the fire.

7.      The Rickners negotiated their claim for damage to personal property directly with Allstate, and that claim was settled.

8.      In March 2017, Allstate made the Rickners aware that Chase Bank was going to be included as a payee on any claim settlement checks specific to repair of the building.

AGREED PRETRIAL ORDER - 5

9.      In March 2017, the Rickners informed Allstate that they had already paid off the mortgage to their home and had never had Chase Bank as a mortgage holder.  Accordingly, the Rickners informed Allstate that it was improper to include Chase Bank on any claims checks.

10.     Allstate adjuster Steven Richardson was instructed by his supervisor to investigate and resolve the issue regarding Chase Bank.

11.     Allstate issued payment for the actual cash value of the loss to the Rickners and to JP Morgan Chase Bank on or about July 5, 2018.

12.     On or about September 11, 2018, as a result of the three-way phone call, Allstate removed Chase Bank as a listed mortgagee on the Rickner Policy.

13.     The Court denied Allstate's motion to interplead the funds.

14.     Once the Rickners received a check dated May 2, 2020, received in June 2020, they had no issue with cashing the check and accessing the money.


## IV.    Issues of Law.

### A.  Plaintiff's Assertions of Issues of Law

1.      Did Allstate breach the terms of the Rickner Homeowner's Insurance Policy by including Chase Bank as a payee on the claims settlement check for repairs to the Rickner home, thereby preventing Rickner from access to the settlement monies?

2.      Did Allstate breach the terms of the policy by issuing an actual cash value check in the amount of $359,188.86 rather than the limits of the policy, including policy extension, in the amount of $450,660.

3.      Did Allstate's act in bad faith by listing Chase Bank as a payee on the claims settlement check for repairs to the Rickner home?

4.      Did Allstate act in bad faith by continuing to insist on listing Chase Bank as a payee on the claims settlement check for repairs to the Rickner home after Allstate had been advised that the Rickners never had a mortgage with Chase Bank?

5.      Did Allstate act in bad faith by failing to perform proper investigations regarding the inclusion of Chase Bank as payee on the claims settlement check for repairs to the Rickner home after Allstate had been advised that the Rickners never had a mortgage with Chase Bank?

6.      Did Allstate act in bad faith through the use of Puget Sound Restoration and repairs estimates drafted by Puget Sound Restoration?

7.      Did Allstate's actions cause delays such that the Rickner home can longer be repaired but must be rebuilt?

8.      Did Defendant Allstate's actions in its insistence of including Chase Bank as a payee on the structural claim settlement check for the repair of the Rickner home constitute: (1) an unfair or deceptive act or practice; (2) which occurs in trade or commerce; (3) that impacts the public interest; (4) which caused injury to the Rickners in business or property; and (5) which injury to the Rickners is causally linked to unfair or deceptive act?

**B. Allstate's Assertions of Issues of Law.**

1.      Whether Allstate required to comply with the Lender Loss Payable Endorsement – Allstate owed a duty and obligation to name mortgage company on the settlement proceeds.

2.      Whether there should be no coverage as a matter of law based upon the following misrepresentations and/or concealment:

   a.   The Rickners were aware there was a lienholder on the Property.  By way of example, the Rickner's Public Adjuster, Jack Thomas, testified that his file indicates First Tennessee as a lienholder of the property at the time that he was retained, in December of 2017.  Yet, Mr. Thomas's correspondences dated September 19, 2018, and November 1, 2018, are material misrepresentations, wherein Mr. Thomas states there has not been a lienholder on the property for 10 years.  ECF 13 at pp. 29 & 39.  Allstate

AGREED PRETRIAL ORDER - 7

reserves the right to identify additional examples of such material misrepresentations.

b.  The estimate provided by Prime Northwest was not an arm's length transaction.   Rather, the owner of Prime Northwest was related to the Rickner's Public Adjuster, Jack Thomas.   This information was concealed from Allstate at all times material hereto.   Allstate reserves the right to identify additional examples of such concealment.

c.  Heidi Rickner misrepresented and/or concealed facts related to the fire, specifically her whereabouts at the time before and after the fire.   Allstate reserves the right to identify additional examples of such misrepresentation and/or concealment.

d.  Mark Rickner and/or Heidi Rickner misrepresented and/or concealed facts related to the fire and Mr. Rickner's prior threats to damage the home and/or harm Ms. Rickner.

> **Objection**.  Plaintiff objects to the presentation of issues not previously disclosed.   Allstate responds that the issues have been previously disclosed and/or raised during motion practice and/or through the course of discovery.

e.  Mark Rickner and/or Heidi Rickner misrepresented and/or concealed facts related to Mr. Rickner being an arson suspect in the fire.

> **Objection**.  Plaintiff objects to the presentation of issues not previously disclosed.   Allstate responds that the issues have been previously disclosed and/or raised during motion practice and/or through the course of discovery.

AGREED PRETRIAL ORDER - 8

f.  Heidi Rickner misrepresented and/or concealed facts related to her and her children moving out of the house, prior to the fire, and were not living there at the time of the fire.

**Objection**.  Plaintiff objects to the presentation of issues not previously disclosed.  Allstate responds that the issues have been previously disclosed and/or raised during motion practice and/or through the course of discovery.

g.  Mark Rickner and/or Heidi Rickner misrepresented and/or concealed facts related to the reason Mr. Rickner was hospitalized after the fire.

**Objection**.  Plaintiff objects to the presentation of issues not previously disclosed.  Allstate responds that the issues have been previously disclosed and/or raised during motion practice and/or through the course of discovery.

3.  Whether the damages being claimed by the Plaintiffs is supported by the evidence when Allstate has retained Zeno Martin and Scott Hedges who can testify as to the ability to repair the home and the cost associated therewith.

4.  Whether Plaintiffs have failed to mitigate their damages, because they took no steps to secure/safeguard the property, failed to prevent any further damage to the structure, and took no steps to start repairs.

5.  Whether Plaintiffs ever had any intention of repairing/rebuilding the structure.

### V.    Expert Witnesses

Each party shall be limited to 1 expert witness on each the issue of repair/rebuild of the Rickner home and issue of bad faith claims practices.

- **OBJECTION.**  Allstate has a fact expert as it relates to the cost to repair/rebuild, as identified in the below witnesses.  Allstate is not stipulating to one "expert witness", as Plaintiff has proposed.

The names and address of the expert witnesses to be used by each party at the trial and the issue upon which each will testify is:

1. On behalf of Plaintiff.

Patrick McGarrah
Landmark Custom Construction, Inc.
5102 27th Street East
Fife, WA 98424

Mr. McGarrah is an owner of Landmark Custom Construction, Inc., a residential home building contractor.  Mr. McGarrah will be called to testify regarding his review and evaluation of the Rickner home as of the fall of 2020, his opinion regarding whether the home needs to be rebuilt entirely, and the cost associated with the rebuild of the home in its current state.

2. On behalf of Defendant.

Zeno Martin, PE, SE
Wiss, Janney, Elstner Associates, Inc.
960 S Harney Street
Seattle, WA 98108
206-622-1441

Mr. Martin is an expert regarding structural engineering. He will testify regarding his expert opinions related thereto

William P. Hight
Hight Consulting, LLC
1510 Catbriar Way
Odenton, MD 21113
wph@hightlaw.com
(206) 601 – 0492

Mr. Hight is a claims handling expert.  He will testify regarding his expert opinions related thereto.

## VI.   Other Witnesses.

1. On behalf of Plaintiff

Will Testify:

AGREED PRETRIAL ORDER - 10

Mark Rickner, Plaintiff
c/o Freeman Law Firm, Inc.
1107 ½ Tacoma Ave S
Tacoma, WA 98402

Plaintiff Mark Rickner will testify concerning the basis and substance of his claims against Allstate Insurance.

Heidi Rickner, Plaintiff
c/o Freeman Law Firm, Inc.
1107 ½ Tacoma Ave S
Tacoma, WA 98402

Plaintiff Heidi Rickner will testify concerning the basis and substance of her claims against Allstate Insurance.

Steven Richardson
105 Four Seasons Drive
Onalaska, Washington 98570

Mr. Richardson was the Allstate adjuster assigned to the Rickner claim.  Mr. Richardson will be called to testify about his actions and inactions on the Rickner claim.

Jack Thomas
Casualty Loss Consultants
418 Carpenter Road Southeast, Suite 101
Lacey, WA 98503 (360) 486-0122

Mr. Thomas is a public adjuster licensed by the State of Washington and acted as Plaintiff Chi's public adjuster for the claims at issue in this matter.  Mr. Thomas interacted with Allstate's representatives on behalf of Plaintiffs and will testify concerning the nature and substance of those interactions as well as Allstate's deficiencies in handling Plaintiffs' claims.

Ann Chittatil
Allstate Insurance Company
c/o Wathen | Leid | Hall | Rider, P.C.

AGREED PRETRIAL ORDER - 11

222 Etruria Street
Seattle, WA 98109

Ms. Chittatil is an employee of Allstate and will testify regarding how Allstate listed Chase Bank on the Rickner Policy and Allstate's inquiry into the matter.  She will testify via deposition transcript.

<u>May Testify:</u>

Bob Robinson

Mr. Robinson was the owner of Prime Northwest Construction, who provided the estimate of repair for the Rickner home that supported the Rickner Proof of Loss.  Mr. Robinson may be called in to testify regarding his review of the home and estimate of repair.

**2.** On behalf of Defendant

Mark Rickner
c/o Spencer Freeman
Freeman Law Firm Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
253-383-4500

Mark Rickner is a Plaintiff in this matter and has discoverable information regarding his claims and alleged damages arising from the adjustment of the claim.

Heidi Rickner
c/o Spencer Freeman
Freeman Law Firm Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
253-383-4500

Heidi Rickner is a Plaintiff in this matter and has discoverable information regarding her claims and alleged damages arising from the adjustment of the claim.

Jack D. Thomas
418 Carpenter Road Southeast, Suite 101

AGREED PRETRIAL ORDER - 12

Lacey, WA 98503 (360) 486-0122Casualty Loss Consultants, Inc.
4570 Avery Lane SE, Suite C, PMB 118
Lacey, WA 98503

Mr. Thomas was the Plaintiffs' public adjuster in this matter and has discoverable information regarding their claims and alleged damages arising from the adjustment of the claim.  He may testify live and/or via deposition transcript.

Sarah Davis
Ann Chittatil
Allstate Insurance Company
c/o Wathen | Leid | Hall | Rider, P.C.
222 Etruria Street
Seattle, WA 98109

Employees of Allstate may have discoverable information regarding the policy(ies) of insurance issued to Plaintiffs, as well as coverage and adjustment issues, including, but not limited to, claims investigation, claims decisions and claims analysis.

Scott Hedges
421 NE John Storm Ave. #782
La Center, WA 98629

Mr. Hedges was previously employed with Puget Sound Restoration, who was involved with the claim in this matter.  Mr. Hedges is a fact expert witness in this matter.  He may have knowledge or information regarding the facts and circumstances relevant to the claims in this matter.

Scott Roberts
Jensen Hughes (formerly Case Forensics)
23109 55th Ave West
Mountlake Terrace, WA 98043
206-914-1033

Mr. Scott Roberts was the Cause and Origin Fire Investigator hired by Allstate.  Mr. Roberts will testify regarding his expert opinions related thereto

AGREED PRETRIAL ORDER - 13

Julie Rickner
42226 Camino Santa Barbara
Fremont, CA 94539

Ms. Julie Rickner is believed to be the sister of Plaintiff, Mark Rickner.  Ms. Rickner may have knowledge or information regarding the facts and circumstances regarding the fire loss, and any information regarding Plaintiffs' claims.

Sarahann Rickner

Ms. Sarahann Rickner is believed to be the daughter of Plaintiffs, Mark and Heidi Rickner.  Ms. Rickner may have knowledge or information regarding the facts and circumstances regarding the fire loss, and any information regarding Plaintiffs' claims.

Matthew Rickner
15909 7th Ave E
Tacoma, WA 98445

Mr. Matthew Rickner is believed to be the son of Plaintiffs, Mark and Heidi Rickner.  Mr. Rickner may have knowledge or information regarding the facts and circumstances regarding the fire loss, and any information regarding Plaintiffs' claims.

Representative's of
ProTech Mobile Services
11012 Canyon Rd. E, Ste. 8 #849
Puyallup, WA 98373

ProTech Mobile Services was the former business owned and operated by Mr. Mark Rickner.  Upon information and belief, ProTech and its employees may have knowledge or information regarding the facts and circumstances relevant to the claims in this matter.

## VII.   Exhibit List.

| | Plaintiffs' Exhibits | | | | |
|---|---|---|---|---|---|
| **#** | **Description** | **Authenticity** | **Admissibility** | **Objection** | **Admitted** |
| 1. | Rickner Amended Deluxe Plus Homeowners Policy and Endorsements | Stipulated | Stipulated | - | |
| 2. | Puget Sound Restoration estimate, 02/23/2017 | Stipulated | Stipulated | - | |
| 3. | Puget Sound Restoration estimate, 03/21/2017 #2 | Stipulated | Stipulated | - | |
| 4. | Puget Sound Restoration estimate 03/21/2017 #1 | Stipulated | Stipulated | - | |
| 5. | Puget Sound Restoration estimate 03/30/2017 | Stipulated | Stipulated | - | |
| 6. | Prime Northwest estimate | Disputed | Disputed | FRE 401, 402, 403, 801, 802, 803; misrep/ concealment | |
| 7. | Statement of Patrick McGarrah | Stipulated | Disputed | FRE 401, 402, 403, 701, 702, 703, 704, 801, 802, 803 | |
| 8. | McGarrah estimate | Stipulated | Disputed | FRE 401, 402, 403, 701, 702, 703, 704, 801, 802, 803 | |
| 9. | Chimney photographs by McGarrah | Stipulated | Stipulated | - | |
| 10. | Concrete photographs by McGarrah | Stipulated | Stipulated | - | |
| 11. | Master bedroom hearth crack photos by McGarrah | Stipulated | Stipulated | - | |
| 12. | Mold sampling sites | Stipulated | Disputed | FRE 401, 402, 403, 701, 702, 703, 704, 801, 802, 803 | |

AGREED PRETRIAL ORDER - 15

| | | | | |
|---|---|---|---|---|
| 13. | Mold test results at 30 hours | Stipulated | Disputed | FRE 401, 402, 403, 701, 702, 703, 704, 801, 802, 803 |
| 14. | Mold test results at 100 hours | Stipulated | Disputed | FRE 401, 402, 403, 701, 702, 703, 704, 801, 802, 803 |
| 15. | Perspective measurements | Stipulated | Disputed | FRE 401, 402, 403, 701, 702, 703, 704, 801, 802, 803 |
| 16. | Photo of spacing between wall and mortar lines | Stipulated | Disputed | FRE 401, 402, 403, 701, 702, 703, 704, 801, 802, 803 |
| 17. | Stress cracking of windows | Stipulated | Stipulated | - |
| 18. | Water infiltration and gapping at chimney | Stipulated | Stipulated | - |
| 19. | Site photos (IMG_3579 to IMG_3678) | Stipulated | Stipulated | - |
| 20. | Puget Sound Restoration site photos | Stipulated | Stipulated | - |
| 21. | Allstate investigation photos | Stipulated | Stipulated | - |
| 22. | Rickner home layout | Stipulated | Disputed | FRE 401, 402, 403, 701, 702, 703, 704, 801, 802, 803 |
| 23. | Deposition of Ann Chittatil | Stipulated | Disputed | See Allstate's Dep Designations |
| 24. | Chittatil deposition corrections | Stipulated | Disputed | See Allstate's Dep |

AGREED PRETRIAL ORDER - 16

| | | | | Designations | |
|---|---|---|---|---|---|
| 25. | Rickner policy mortgage history | Stipulated | Stipulated | - | |
| 26. | Deed of Trust 200409300445 | Disputed | Disputed | FRE 1002; | |
| 27. | Deed of Trust 200409300446 | Disputed | Disputed | FRE 1002; | |
| 28. | Deed of Reconveyance | Disputed | Disputed | FRE 1002; | |
| 29. | 2018 Rickner policy amendment | Stipulated | Disputed | FRE 401, 402, 403, 701, 702, 703, 704, 801, 802, 803 | |
| 30. | Rickner claim file portion 00000223-225 | Stipulated | Stipulated | - | |
| 31. | Alacrity file | Stipulated | Stipulated | - | |
| 32. | Richardson employment file | Stipulated | Disputed | FRE 401, 402, 403, 801, 802, 803; confidential | |
| 33. | Chase response to Motion to Enforce Subpoena | Stipulated | Disputed | FRE 401, 402, 403, 801, 802, 803 | |
| 34. | Declaration of John Devlin | Stipulated | Disputed | FRE 401, 402, 403, 801, 802, 803 | |
| 35. | Allstate Motion to Interplead Funds | Stipulated | Disputed | FRE 401, 402, 403, 801, 802, 803 | |
| 36. | Order denying motion to inerplead | Stipulated | Disputed | FRE 401, 402, 403, 801, 802, 803 | |
| 37. | Fire Loss Check dated May 5, 2020 | Stipulated | Stipulated | - | |
| 38. | Claim File | Stipulated | Stipulated | - | |
| 39. | 12.21.2016 letter from Steven Richardson to Rickners.pdf | Stipulated | Stipulated | - | |
| 40. | 01.08.2017 letter from Steven Richardson to Rickners | Stipulated | Stipulated | - | |
| 41. | 01.19.2017 EMAIL Rickners to Steven Richardson | Stipulated | Stipulated | - | |

AGREED PRETRIAL ORDER - 17

| 42. | 01.20.2017 EMAIL Steven Richardson to Rickners | Stipulated | Stipulated | - | |
| 43. | 01.23.2017 letter from Steven Richardson to Rickners | Stipulated | Stipulated | - | |
| 44. | 01.25.2017 letter from Jennifer Gilbert to Rickners | Stipulated | Stipulated | - | |
| 45. | 01.27.2017 letter from Steven Richardson to Rickners | Stipulated | Stipulated | - | |
| 46. | 02.10.2017 letter from Steven Richardson to Rickners | Stipulated | Stipulated | - | |
| 47. | 03.08.2017 letter from Steven Richardson to Rickners | Stipulated | Stipulated | - | |
| 48. | 03.09.2017 letter from Jennifer Gilbert to Rickners | Stipulated | Stipulated | - | |
| 49. | 03.21.2017 letter from Steven Richardson to Rickners | Stipulated | Stipulated | - | |
| 50. | 03.24.2017 EMAIL Jennifer Gilbert to Rickners | Stipulated | Stipulated | - | |
| 51. | 03.30.2017 EMAIL Rickners to Steven Richardson 2 | Stipulated | Stipulated | - | |
| 52. | 03.30.2017 EMAIL Rickners to Steven Richardson | Stipulated | Stipulated | - | |
| 53. | 04.07.2017 letter from Steven Richardson to Rickners | Stipulated | Stipulated | - | |
| 54. | 04.18.2017 letter from Steven Richardson to PSR | Stipulated | Stipulated | - | |
| 55. | 04.18.2017 letter from Steven Richardson to Rickners | Stipulated | Stipulated | - | |
| 56. | 05.01.2017 EMAIL Scott Hedges to Rickners & Steven Richardson | Stipulated | Stipulated | - | |
| 57. | 05.05.2017 letter from Steven Richardson to Rickners | Stipulated | Stipulated | - | |
| 58. | 06.02.2017 letter from Steven Richardson to Rickners | Stipulated | Stipulated | - | |
| 59. | 06.02.2017 letter from Steven Richardson to Rickners | Stipulated | Stipulated | - | |
| 60. | 06.07.2017 letter from Jennifer Gilbert to Rickners | Stipulated | Stipulated | - | |
| 61. | 06.15.2017 letter from Jennifer Gilbert to Rickners | Stipulated | Stipulated | - | |
| 62. | 06.26.2017 letter from Steven Richardson to Rickners | Stipulated | Stipulated | - | |
| 63. | 08.25.2017 letter from Steven Richardson to Rickners | Stipulated | Stipulated | - | |

AGREED PRETRIAL ORDER - 18

| 64. | 09.01.2017 letter from Cory Bond to Rickners | Stipulated | Stipulated | - | |
| 65. | 09.12.2017 EMAIL Rickners Cory Bond | Stipulated | Stipulated | - | |
| 66. | 09.22.2017 letter from Steven Richardson to Rickners | Stipulated | Stipulated | - | |
| 67. | 10.13.2017 letter from Cory Bond to Rickners | Stipulated | Stipulated | - | |
| 68. | 10.13.2017 letter from Michael Marinelli to Rickners 2 | Stipulated | Stipulated | - | |
| 69. | 10.13.2017 letter from Michael Marinelli to Rickners | Stipulated | Stipulated | - | |
| 70. | 10.21.2017 letter from Steven Richardson to Rickners | Stipulated | Stipulated | - | |
| 71. | 11.15.2017 letter from Steven Richardson to Rickners | Stipulated | Stipulated | - | |
| 72. | 12.18.2017 letter from Casualty Loss Consultants to Steven Richardson | Stipulated | Stipulated | - | |
| 73. | 12.19.2017 letter from Casualty Loss Consultants to Steven Richardson | Stipulated | Stipulated | - | |
| 74. | 12.27.2017 letter from Steven Richardson to Casualty Loss Consultants | Stipulated | Stipulated | - | |
| 75. | 01.03.2018 letter from Steven Richardson to Casualty Loss Consultants | Stipulated | Stipulated | - | |
| 76. | 01.09.2018 letter from Steven Richardson to Casualty Loss Consultants POLICY | Stipulated | Stipulated | - | |
| 77. | 01.12.2018 letter from Steven Richardson to Casualty Loss Consultants | Stipulated | Stipulated | - | |
| 78. | 02.10.2018 letter from Steven Richardson to Casualty Loss Consultants | Stipulated | Stipulated | - | |
| 79. | 03.07.2018 letter from Steven Richardson to Casualty Loss Consultants | Stipulated | Stipulated | - | |
| 80. | 04.09.2018 letter from Brisco Guguich to Casualty Loss Consultants | Stipulated | Stipulated | - | |
| 81. | 04.13.2018 letter from Steven | Stipulated | Stipulated | - | |

| | | | | | |
|---|---|---|---|---|---|
| | | Richardson to Casualty Loss Consultants | | | |
| 82. | 05.04.2018 letter from Steven Richardson to Casualty Loss Consultants | Stipulated | Stipulated | - | |
| 83. | 05.24.2018 letter from Casualty Loss Consultants to Steven Richardson | Stipulated | Stipulated | - | |
| 84. | 05.30.2018 letter from Steven Richardson to Casualty Loss Consultants 2 | Stipulated | Stipulated | - | |
| 85. | 05.30.2018 letter from Steven Richardson to Casualty Loss Consultants | Stipulated | Stipulated | - | |
| 86. | 06.21.2018 letter from Casualty Loss Consultants to Steven Richardson | Stipulated | Stipulated | - | |
| 87. | 06.26.2018 letter from Steven Richardson to Casualty Loss Consultants | Stipulated | Stipulated | - | |
| 88. | 06.27.2018 letter from Steven Richardson to Casualty Loss Consultants | Stipulated | Stipulated | - | |
| 89. | 07.05.2018 CHECK | Stipulated | Stipulated | - | |
| 90. | 07.09.2018 letter from Casualty Loss Consultants to Steven Richardson | Stipulated | Stipulated | - | |
| 91. | 07.23.2018 letter from Steven Richardson to Casualty Loss Consultants | Stipulated | Stipulated | - | |
| 92. | 07.27.2018 letter from Steven Richardson to Casualty Loss Consultants | Stipulated | Stipulated | - | |
| 93. | 08.13.2018 letter from Casualty Loss Consultants to Steven Richardson | Stipulated | Stipulated | - | |
| 94. | 08.24.2018 letter from Steven Richardson to Casualty Loss Consultants | Stipulated | Stipulated | - | |
| 95. | 08.29.2018 letter from Rory Leid to Casualty Loss Consultants | Stipulated | Disputed | FRE 401, 402, 403, 801, 802, 803 | |
| 96. | 09.19.2018 letter from Casualty Loss Consultants to | Stipulated | Disputed | FRE 401, 402, 403, | |

AGREED PRETRIAL ORDER - 20

| | | | | | |
|---|---|---|---|---|---|
| | Rory Leid | | | 801, 802, 803 | |
| 97. | 09.21.2018 letter from Steven Richardson to Casualty Loss Consultants | Stipulated | Disputed | FRE 401, 402, 403, 801, 802, 803 | |
| 98. | 10.04.2018 letter from Rory Leid to Casualty Loss Consultants | Stipulated | Disputed | FRE 401, 402, 403, 801, 802, 803 | |
| 99. | 10.18.2018 letter from Steven Richardson to Casualty Loss Consultants | Stipulated | Disputed | FRE 401, 402, 403, 801, 802, 803 | |
| 100. | 11.01.2018 letter from Casualty Loss Consultants to Steven Richardson | Stipulated | Disputed | FRE 401, 402, 403, 801, 802, 803 | |
| 101. | 11.12.2018 letter from Steven Richardson to Casualty Loss Consultants | Stipulated | Disputed | FRE 401, 402, 403, 801, 802, 803 | |
| 102. | 11.29.2018 letter from Rory Leid to Casualty Loss Consultants | Stipulated | Disputed | FRE 401, 402, 403, 801, 802, 803 | |
| 103. | 12.14.2018 letter from Steven Richardson to Casualty Loss Consultants | Stipulated | Disputed | FRE 401, 402, 403, 801, 802, 803 | |
| 104. | 01.07.2019 letter from Steven Richardson to Casualty Loss Consultants | Stipulated | Disputed | FRE 401, 402, 403, 801, 802, 803 | |
| 105. | 02.08.2019 letter from Jennifer Gilbert to Casualty Loss Consultants | Stipulated | Disputed | FRE 401, 402, 403, 801, 802, 803 | |
| 106. | 03.21.2019 letter from Casualty Loss Consultants to Jennifer Gilbert | Stipulated | Disputed | FRE 401, 402, 403, 801, 802, 803 | |
| 107. | 03.29.2019 letter from Jennifer Gilbert to Casualty Loss Consultants | Stipulated | Disputed | FRE 401, 402, 403, 801, 802, | |

AGREED PRETRIAL ORDER - 21

| | | | | | |
|---|---|---|---|---|---|
| | | | | 803 | |
| 108. | 4.08.2019 letter from Rory Leid to Casualty Loss Consultants | Stipulated | Disputed | FRE 401, 402, 403, 801, 802, 803 | |
| 109. | 4.24.2019 letter from Rory Leid to Casualty Loss Consultants | Stipulated | Disputed | FRE 401, 402, 403, 801, 802, 803 | |
| 110. | Subpoena to Chase Bank | Stipulated | Disputed | FRE 401, 402, 403, 801, 802, 803 | |
| 111. | | | | | |
| **Defendant's Exhibits** | | | | | |
| 201 | Zeno Martin's Expert Report | Stipulated | Disputed | ER 402, 403, 801, 802 | |
| 202 | Zeno Martin's Rebuttal Expert Report | Stipulated | Disputed | ER 402, 403, 801, 802 | |
| 203 | Contents List | Stipulated | Disputed | MIL, ER 402, 403 | |
| 204 | Excerpts from Multicare Medical Records | Stipulated | Disputed | MIL, ER 402, 403, 801, 802 | |
| 205 | Photos of Property/Contents/Structure (PSR) | Stipulated | Disputed | MIL, ER 402, 403 | |
| 206 | Photos of Property/Contents/Structure | Stipulated | Disputed | MIL, ER 402, 403 | |
| 207 | Photos of Property/Contents/Structure (PSR) | Stipulated | Disputed | MIL, ER 402, 403 | |
| 208 | Plaintiffs' Witness and Exhibit List from Pierce County Case No. 05-2-12398-8 | Stipulated | Disputed | MIL, ER 402, 403, 801, 802 | |
| 209 | Plaintiffs' Trial Brief from Pierce County Case No. 05-2-12398-8 | Stipulated | Disputed | MIL, ER 402, 403, 801, 802 | |
| 210 | Declaration of Mark Rickner from Pierce County Case No. 05-2-12398-8 | Stipulated | Disputed | MIL, ER 402, 403 | |
| 211 | Bill Hight's Expert Report | Stipulated | Disputed | ER 402, | |

AGREED PRETRIAL ORDER - 22

| | | | | 403, 801, 802 | |
|---|---|---|---|---|---|
| 212 | 7/4/16 Sheriff's Report | Stipulated | Disputed | MIL, ER 402, 403, 801, 802 | |
| 213 | 12/3/16 Sheriff's Report & Supplemental Reports | Stipulated | Disputed | MIL, ER 402, 403, 801, 802 | |
| 214 | Jack Thomas File Materials | Stipulated | Stipulated | | |
| 215 | WA State Building Code | Disputed | Disputed | E, ER 401, 402, 801, 802 | |
| 216 | WAC 51 | Disputed | Disputed | E, ER 401, 402, 801, 802 | |
| 217 | WAC 51.50.003 | Disputed | Disputed | E, ER 401, 402, 801, 802 | |
| 218 | Pierce County Building Code | Disputed | Disputed | E, ER 401, 402, 801, 802 | |

# VIII.   ACTION BY THE COURT

(a) This case is scheduled for trial before a jury on October 31, 2022, at 9:00 a.m.

(b) Trial briefs were submitted to the Court on May 23, 2022.

(c) A draft voir dire script and a draft set of jury instructions were circulated to counsel via e-mail on June 3, 2022.  The Court will set a deadline for filing objections.

(d) A pretrial conference is SET for October 21, 2022, at 10:00 a.m.

   This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

AGREED PRETRIAL ORDER - 23

DATED this 25th day of August, 2022.

Thomas S. Zilly
United States District Judge

AGREED PRETRIAL ORDER - 24

FORM APPROVED

**FREEMAN LAW FIRM, INC.**

_____*s/ Spencer D. Freeman*_____
Spencer D. Freeman, WSBA # 25069
FREEMAN LAW FIRM, INC.
sfreeman@freemanlawfirm.org
Attorney for Plaintiffs Rickner

**WATHEN | LEID | HALL | RIDER, P.C.**

*/s/ A. Elyse O'Neill*_____
Rory W. Leid, III, WSBA No. 25075
A. Elyse O'Neill, WSBA No. 46563
*Attorneys for Defendant Allstate*
222 Etruria St.
Seattle, WA  98109
Tel: (206) 622-0494 | Fax: (206) 587-2476
rleid@cwlhlaw.com
eoneill@cwlhlaw.com

AGREED PRETRIAL ORDER - 25