1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK RICKNER and HEIDI RICKNER,

Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

Defendant.

C19-5857 TSZ

MINUTE ORDER

Having conducted a virtual hearing on August 31, 2022, at which Spencer D. Freeman appeared on behalf of plaintiffs Mark and Heidi Rickner, and Rory W. Leid, III appeared on behalf of defendant Allstate Insurance Company, the Court, the Honorable Thomas S. Zilly, United States District Judge, presiding, enters the following Minute Order.

(1) The previously deferred portions of Plaintiffs' motions in limine, docket no. 97, are GRANTED in part, DENIED in part, and DEFERRED as follows:

II. Plaintiffs' motion to exclude photographs of personal property or references to personal property is GRANTED in part and the Court excludes any photographs containing Nazi, Neo-Nazi, and/or Confederate flags. This includes photographs 24-IMG_0858, docket no. 112-4 at 2, 30-IMG_0864, docket no. 112-4 at 3, 149-IMG_0552, docket no. 112-4 at 4, 26-IMG_0860, docket no. 112-3 at 3, photograph 17, docket no. 112-5 at 18, and 79-IMG_0915, docket no. 112-5 at 90. Defendant may select no more than fifty (50) photographs total from Exhibits 205, 206, and 207 to offer at trial. The Court DEFERS to the Pretrial Conference whether it will exclude the Contents List, marked as Exhibit 203, docket no. 112-1.

MINUTE ORDER - 1

    IV. The deferred portion of Plaintiffs' motion to exclude police reports and contents of police reports is GRANTED in part. "It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted but that statements made by third persons under no business duty to report may not." United States v. Pazsint, 703 F.2d 420, 424–25 (9th Cir. 1983). To the extent these reports are admitted, they must be redacted to the extent required by Federal Rules of Evidence 403 and 802, and Defendant will need to lay the appropriate foundation for the reports at trial. The parties should meet and confer before the Pretrial Conference to attempt to agree on appropriate redactions.

    VI. Plaintiffs' motion to exclude witnesses and documents not timely disclosed is GRANTED in part. The Court EXCLUDES the following witnesses for failure to timely disclose: (i) Scott Roberts, (ii) Julie Rickner, and (iii) Sarahann Rickner. The motion is DENIED as to Matthew Rickner and ProTech Mobile Services.

    VII. Plaintiffs' motion to exclude any reference to arson, allegation of arson, or question the relevance of which is an allegation of arson is DEFERRED to trial. Defendant previously clarified that it is not relying on the intentional act (arson) exclusion to deny coverage or as defense to any claim; rather, Defendant intends to assert as a defense to Plaintiffs' bad faith claim that Plaintiffs concealed information, including Mark Rickner being an arson suspect. See Minutes (docket no. 136). Accordingly, Defendant will be permitted to refer to arson only as it relates to Defendant's defense to Plaintiffs' bad faith claim, and the Court will give a limiting instruction.

  (2) The previously deferred portions of Defendant's motions in limine, docket no. 99, are GRANTED and DEFERRED, as follows:

    8. Defendant's motion to exclude any reference to the nature and size of Allstate Insurance Company is further DEFERRED to trial.

    9. Defendant's motion to limit Plaintiffs' actual damages to the allegedly increased cost to rebuild is GRANTED.

  (3) Having reviewed the parties' supplemental trial briefs, docket nos. 123 and 124, the Court concludes that Plaintiffs may seek treble damages under Washington's Insurance Fair Conduct Act ("IFCA"). Defendant contends that the complaint, docket no. 1-1, does not plead an IFCA violation with any specificity. Defendant, however, has had notice of the IFCA claim since Plaintiffs initiated this action in Pierce County Superior Court. In its notice of removal, docket no. 1, Defendant relied on Plaintiffs' claim for treble damages under IFCA to support that this action satisfied the amount-in-controversy requirement for diversity purposes. The question of whether to award

MINUTE ORDER - 2

enhanced damages and, if so, how much to award will be decided by the jury.  See <u>MKB Constructors v. Am. Zurich Ins. Co.</u>, 711 F. App'x 834, 838 (9th Cir. 2017).

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 1st day of September, 2022.

Ravi Subramanian  
Clerk

s/Gail Glass  
Deputy Clerk

MINUTE ORDER - 3